# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| RONALD PLAZA,<br><br>Plaintiff,<br><br>v.<br><br>BERGEN COUNTY SHERIFF, BERGEN COUNTY PROSECUTOR, HACKENSACK UNIVERSITY MEDICAL CENTER, JOHN DOES 1-20, and ABC CORPS. 1-20,<br><br>Defendants. | Civ. No. 2:17-03762<br><br><br>OPINION |

**WILLIAM J. MARTINI, U.S.D.J.:**

Plaintiff Ronald Plaza brings this action against Bergen County Sherriff ("Defendant"), Bergen County Prosecutor ("Prosecutor"), Hackensack University Medical Center ("Hackensack"), and other unnamed individuals and entities, alleging violations of Plaintiff's Fourth and Fourteenth Amendment rights pursuant to 42 U.S.C. §§ 1983 and 1985, the New Jersey Civil Rights Act, N.J.S.A. § 10:6–1, *et seq*., and intentional infliction of emotional distress. This matter comes before the Court on Defendant's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). There was no oral argument. Fed. R. Civ. P. 78(b). For the reasons set forth below, Defendant's motion to dismiss is **GRANTED**.

    **I.    BACKGROUND**

Plaintiff currently resides at Westchester Correctional Facility in Valhalla, New York. The parties stipulated to the dismissal of Defendants Hackensack and Prosecutor. *See* ECF Nos. 4 & 8. The only remaining Defendant, therefore, is Bergen County Sheriff.

Plaintiff alleges that on June 4, 2015, while in the care and custody of Defendant, an unidentified individual or individuals under Defendant's employ assaulted him. *See* Compl. ¶¶ 12–13, ECF No. 1. "The assault included, but was not limited to, being forced to endure pepper spray into the face and anus." *Id*. at ¶14. Plaintiff claims that he "presented no threat and posed no danger to the defendants while in their custody" and that he "was traumatized, terrified and feared for his life" during the assault. *Id*. at ¶¶ 16–17.

Plaintiff's Complaint alleges four remaining counts against Defendant Bergen County Sherriff in connection with the purported use of excessive force:

(1) <u>Count 1</u>: Defendant intentionally permitted the assault of Plaintiff and there were "no safeguards, procedures, or other protocols in place" to protect him, *see id*. at ¶¶ 19–21;

(2) <u>Count 2</u>: Defendant "did not properly screen, hire, train, re-train or supervise its employees" and, therefore, "engaged in customs, policies, usages, practices, procedures and rules which constituted deliberate indifference to the safety and well-being of Plaintiff," *see id*. at ¶¶ 22–25;

(3) <u>Count 4</u>: Defendant's conduct violated the New Jersey Civil Rights Act ("NJCRA"), N.J.S.A. § 10:6-1, *et seq.*, *see id*. at ¶¶ 31–33;

(4) <u>Count 5</u>: Defendant intentionally and willfully caused infliction of emotional distress on Plaintiff, *see id*. at ¶¶ 34–36; and

Defendant now moves for the dismissal of all claims, arguing mainly that the Complaint fails to state a plausible claim of liability because it does not allege a specific custom or policy that caused Plaintiff's injury. *See* Br. in Supp. of Mot. to Dismiss Compl. ("Def.'s Br.") 7–8, ECF No. 5-1. Defendant also argues that the Complaint fails to state that Defendant, in her or his individual capacity, personally participated in the alleged conduct. *See id*. at 8–10. Defendant further argues that Plaintiff's NJCRA claim is coextensive of his §§ 1983 and 1985 claims, which warrants dismissal for the same reasons. *Id*. at 11. Finally, Defendant argues that the Court should decline jurisdiction over the NJCRA and state tort law claims upon dismissal of the federal claims pursuant to 28 U.S.C. § 1367(c)(3). *Id*. at 11–12.

The Court notes that the motion is unopposed. Defendant filed the motion on July 21, 2017. Thereafter, counsel for Plaintiff requested that the Court carry the motion forward two motion cycles due to the withdrawal of his representation and subsequent appearance of substitute counsel on Plaintiff's behalf. *See* ECF Nos. 7 & 9. Substitution occurred on September 8, 2017, affording new counsel ample time to respond prior to the motion's return date, which was October 2, 2017. *See* ECF No. 10. Nonetheless, counsel never responded.

## II.  LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, if the plaintiff fails to state a claim upon which relief can be granted. The moving party bears the burden of showing that no claim has been stated. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). In deciding a motion to dismiss under Rule 12(b)(6), a court must take all allegations in the complaint as true and view them in the light most favorable to the plaintiff. *See Warth v. Seldin*, 422 U.S. 490, 501 (1975); *Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts Inc.*, 140 F.3d 478, 483 (3d Cir. 1998).

Although a complaint need not contain detailed factual allegations, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, the factual allegations must be sufficient to raise a plaintiff's right to relief above a speculative level, such that it is "plausible on its face." *See id.* at 570; *see also Umland v. PLANCO Fin. Serv., Inc.*, 542 F.3d 59, 64 (3d Cir. 2008). A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). While "[t]he plausibility standard is not akin to a 'probability requirement' . . . it asks for more than a sheer possibility." *Id.*

### III. DISCUSSION

Despite the unopposed nature of Defendant's motion, the Court "may not grant a Rule 12(b)(6) motion as unopposed and dismiss a complaint . . . without any analysis of whether the complaint failed to state a claim upon which relief can be granted . . . ." *See Wiggins v. MacManiman*, 698 F. App'x 42, 43 (3d Cir. 2017) (Mem.) (quotation omitted). The Court, therefore, will address each of Plaintiff's claims in turn. Ultimately, the Court agrees with Defendant that the Complaint fails to state a plausible claim for relief.

#### A. Counts 1 & 2

The genesis of Plaintiff's claim is that Defendant deprived him of his civil rights when the unknown individual or individuals sprayed him with pepper spray when he posed no threat to them—*i.e.*, the individuals used excessive force against him. Plaintiff claims that the event occurred at approximately 4:00 a.m. on June 4, 2015, after Defendant presumably detained him in its holding facility upon charging him with "various offenses." *See* Compl. at ¶¶ 2, 12. Plaintiff provides no further facts or details of the event. He does not describe the individuals who assaulted him nor does he provide any further color as to how or why he was detained. He merely states that a person or people sprayed him with pepper spray in the face and anus and that he posed no threat to them. *See id.* at ¶¶ 12–18.

The Supreme Court has long held that "a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *See Monell v. Dep't of Soc. Servs. of N.Y.C.*, 436 U.S. 658, 691 (1978). A government body can be sued directly under § 1983 when the unconstitutional conduct occurred because of "a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." *See id.* at 690. An entity may also be sued "pursuant to governmental 'custom' even though such a custom has not received formal approval through the body's official decisionmaking channels." *See id.* at 690–91. Thus, to properly allege a § 1983 claim against a governmental body, "[a] plaintiff must identify the challenged policy, attribute it to the [body] itself, and show a causal link between execution of the policy and the injury suffered." *See Kranson v. Valley Crest Nursing Home*, 755 F.2d 46, 51 (3d Cir. 1985). Furthermore, to state a § 1983 claim against an individual, a plaintiff must allege that the individual had "personal

3

involvement in the alleged wrongdoing." *See Evancho v. Fischer*, 423 F.3d 347, 353 (3d Cir. 2005). "Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence." *Id*. (quotation and citation omitted).

Plaintiff failed to allege with requisite specificity that Defendant's policy or custom caused his injury. Plaintiff also failed to allege that the Sheriff directly participated in, or had knowledge of and acquiesced to his assault. Plaintiff, therefore, fails to state a claim upon which relief can be granted under § 1983.[1]

The Court notes that Plaintiff has not sought to amend the Complaint and failed to respond to the instant motion. In light of these circumstances, the Court **DISMISSES** Counts 1 and 2 **WITH PREJUDICE**.

### B. Counts 4 & 5

Defendant argues that Plaintiff's NJCRA claim is coextensive with his § 1983 claim and, therefore, should be dismissed for the same reasons. The Court agrees. "The [NJCRA] is analogous to 42 U.S.C. § 1983 in that it creates a private right of action for violation of civil rights secured by the New Jersey Constitution, the laws of the state of New Jersey, and the Constitution and laws of the United States." *Docherty v. Cape May Cnty.*, No. , 2017 WL 2819963, at *12 (D.N.J. June 29, 2017) (citing *Gormley v. Wood-El*, 218 N.J. 72, 97 (2014)). "Courts in this district have generally interpreted the NJCRA to be coextensive with its federal counterpart." *Id.* (citing multiple cases) (quotation omitted). Accordingly, the Court **DISMISSES** Count 4 **WITH PREJUDICE** for the same reasons it dismisses Counts 1 and 2.

Plaintiff's final claim is the state law tort of intentional infliction of emotional distress. In New Jersey, "to establish a claim for intentional infliction of emotional distress, the plaintiff must establish intentional and outrageous conduct by the defendant, proximate cause, and distress that is severe." *Buckley v. Trenton Sav. Fund Soc'y*, 544 A.2d 857, 863 (N.J. 1988). As noted above, Plaintiff does not allege Defendant's personal involvement in the event nor does he allege Defendant's knowledge and reckless disregard thereof. Plaintiff, therefore, failed to allege that Defendant's conduct was the proximate cause of his emotional distress. Accordingly, the Court **DISMISSES** Count 5 **WITH PREJUDICE**.[2]

### IV. CONCLUSION

For the reasons stated above, Defendants' motion to dismiss is **GRANTED**. All remaining counts are **DISMISSED WITH PREJUDICE**. An appropriate order follows.

---

[1] 42 U.S.C. § 1985(3) provides for relief where a plaintiff alleges that individuals conspired to deprive plaintiff of his or her civil rights. Accordingly, Plaintiff's § 1985 claim fails because he failed to properly allege the underlying § 1983 claim.

[2] Because the Court finds that Plaintiff did not properly allege either state law claim, it need not address Defendant's 28 U.S.C. § 1367 argument at this time.

                                              */s/ William J. Martini*
                                          **WILLIAM J. MARTINI, U.S.D.J.**

**Date: December 18, 2016**